**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>A 2000 JEEP GRAND CHEROKEE,<br>VIN. No.1J4GW48N7YC303169,<br>LICENSE No. 70-J870,<br><br>    Defendant. | **No. 07-CV-4114-DEO**<br><br>**ORDER ON PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT** |

_____

The United States seized the 2000 Jeep Grand Cherokee Pablo A. DeLeon used in delivering one ounce of cocaine and commenced this civil action to forfeit the vehicle under 21 U.S.C. § 881(a)(1) and (4). Pablo's mother, Maria DeLeon, the registered owner and title-holder of the vehicle, then filed claims contesting the forfeiture on the ground that she is an innocent owner of the Jeep. See 18 U.S.C. § 983(a)(4) & (d). The Government has moved for summary judgement. For the reasons discussed below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. JURISDICTION AND VENUE**

This Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355. Venue in

this district is proper pursuant to 28 U.S.C. §§ 1355 and 1395 and 21 U.S.C. § 881(j) because a portion of the alleged acts giving rise to the forfeiture occurred in this district.

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  "To be a genuine issue of fact, the evidence must be such 'that a reasonable jury could return a verdict for the nonmoving party.'  To be a material fact, the factual issue must potentially 'affect the outcome of the suit under the governing law.'" Depositors Ins. Co. v. Wal-Mart Stores, Inc., 506 F.3d 1092, 1094 (8th Cir. 2007) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "Summary judgment is not appropriate if the nonmoving party can set forth specific facts, by affidavit, deposition, or otherwise, showing the existence of a genuine issue for trial.  The mere existence of a factual dispute is insufficient alone to bar

2

summary judgment; rather, the dispute must be outcome determinative under prevailing law." Grey v. City of Oak Grove, Mo., 396 F.3d 1031, 1034 (8th Cir. 2005) (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (quotation omitted). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id.

at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the nonmovant and must draw all justifiable inferences from the evidence in the nonmoving party's favor. Anderson, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c).

### III. FACTS

In 2006, the DEA Tri-State Drug Task Force began investigating drug trafficking by Gonzalo Topete-Santiago, a known cocaine and methamphetamine dealer in the Sioux City, Iowa, and South Sioux City, Nebraska, area. Docket No. 1-3 at 1, ¶ 4. In mid-November, Topete-Santiago offered to sell one of the DEA's confidential informants eight ounces of methamphetamine. Id. at 2, ¶ 5. When the informant told

4

Topete-Santiago he only had enough money to purchase two of the eight ounces, Topete-Santiago directed him to send a $1,000.00 money order to an address in South Sioux City, Nebraska, to pay for the other six ounces. Id. Topete-Santiago explained that he could not (and ultimately did not) collect the $1,000.00 personally, as he was about to embark on a trip to California and would be gone for three weeks. Id. Topete-Santiago called the informant some 50 days later to tell the informant he could arrange additional deliveries during his extended absence. Id. at 2, ¶ 6.

On March 7, 2007, while Topete-Santiago was still out of town, the informant took Topete-Santiago up on his offer, arranging the purchase of one ounce of cocaine from one of the dealer's contacts. Id. at 2, ¶ 7. That same afternoon, the informant met the delivery driver dispatched by Topete-Santiago in a Wal-Mart parking lot in South Sioux City, Nebraska. Id. The informant gave the courier $1,000.00 in exchange for one ounce of cocaine. Id. The driver, a male juvenile later identified as Pablo DeLeon, then returned to a grey 2000 Jeep Grand Cherokee bearing Nebraska license plate number 70-J870 — the defendant vehicle that is the subject of

the instant action. Docket No. 1-3 at 3, ¶ 7. The juvenile was then followed to Topete-Santiago's Sioux City residence — where officers had spotted him before (id.) — and finally to the DeLeon home. Id. at 3, ¶ 8.

Pablo DeLeon was arrested on state drug charges on July 10, 2007. Id. at 4, ¶ 11. After being Mirandized, the juvenile told DEA Task Force Officer Terry Kenny that he was the sole driver of the Jeep, and that he had used it on March 7, 2007, to deliver the cocaine to the informant at the direction of Topete-Santiago. Id.

TFO Kenny seized the Jeep on July 11, 2007, at the DeLeon residence in South Sioux City, Nebraska (Docket No. 8-5 at 3, ¶ 10), and the DEA initiated administrative forfeiture of the vehicle. Docket No. 8-5 at 1-2. Maria DeLeon contested administrative forfeiture by submitting a claim and affidavit to the DEA. Docket No. 8-5 at 2-6.[1]

The instant action began on December 28, 2007, after the

---

[1] See 18 U.S.C. § 983(a)(2) (explaining procedure for filing a claim to contest nonjudicial forfeiture proceedings). Maria DeLeon also filed a hardship release claim, which was denied. See 18 U.S.C. § 983(f) (permitting release pending the completion of forfeiture proceedings in limited circumstances).

6

United States filed a Verified Complaint in this Court. Docket No. 1. The matter was then referred to the U.S. Marshals for judicial forfeiture, who seized the Jeep pursuant to a warrant of arrest of property in rem. Docket Nos. 3 & 4.

The United States admits Ms. DeLeon is the registered owner of the defendant vehicle, but argues she is merely a "straw owner" who is attempting to prevent law enforcement from seizing a vehicle paid for with drug proceeds and used to facilitate drug trafficking. Docket No. 8-2 at 8-10. Records submitted by Ms. DeLeon in the administrative forfeiture action indicate the Jeep was purchased on November 12, 2006, and that a lien of $7,500.00 was secured from Siouxland Federal Credit Union to purchase the vehicle. Docket No. 8-6 at 5. Payments were to begin on December 15, 2006, at $209.40 per month for 48 months. Id. However, the $7,500.00 lien was paid in full and released by the credit union in just six months. Id.

In her sworn affidavit submitted to the DEA to contest administrative forfeiture of the Jeep, Ms. DeLeon stated she purchased the vehicle from earnings from her employer, John Morrell Company, where she nets approximately $1,000.00 per

7

month. Docket 8-6 at 4. She noted that her husband receives disability benefits, and that the Jeep was needed to take their children to and from school and to travel to work everyday. Id. She stated she never suspected her son, Pablo, was using the Jeep for illegal purposes. Id.

### IV. DISCUSSION

In a forfeiture case, the Government has the initial burden of proving by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Where, as here, the "Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," the Government must establish that there was a "substantial connection" between the property and the offense. 18 U.S.C. § 983(c)(3). The Government must establish the existence of a substantial connection by a preponderance of admissible, non-hearsay evidence. Id.

In the Verified Complaint, the Government alleges that the defendant property was used to facilitate the commission of a violation of 21 U.S.C. §§ 841(a)(1). Docket No. 1-1 at 1. Ms. DeLeon claims the vehicle is not subject to forfeiture

8

because she had no knowledge of her son's criminal activities. Docket Nos. 8-6 at 4, 12-2 at 2, & 12-3 at 2-5. She also contends she paid off the Jeep with the proceeds of a worker's compensation settlement with her employer, John Morrell Company. Docket Nos. 12-2 at 2 & 12-3 at 2-5. Ms. DeLeon's lack of knowledge of her son's criminal activity and her legitimate source of funds in purchasing the defendant vehicle are not, however, relevant to the forfeitability of the Jeep for the reasons set forth below.

To demonstrate that the defendant vehicle is subject to forfeiture, the Government need only establish a "substantial connection" between the defendant vehicle and the criminal activity alleged. 18 U.S.C. § 983(c). The Government has provided evidence that the defendant vehicle was driven by Pablo DeLeon, who was involved in drug trafficking. Docket No. 1-3 at 3, ¶ 7. Pablo DeLeon met with a confidential source while driving the Jeep to deliver cocaine. Id. In addition, Pablo was spotted driving the Jeep to Topete-Santiago's residence after the controlled purchase. Id. Such evidence is sufficient to establish a "substantial connection" between the defendant vehicle and the offense. Therefore,

9

summary judgment is appropriate as to the forfeitability of the Jeep.  That is, at trial, the United States will not be required to produce evidence that a violation of 21 U.S.C. §§ 841 et seq. occurred or that the violation was substantially connected to the defendant property.

However, although it has been established that the defendant property is forfeitable, 18 U.S.C. § 983(d) provides for an innocent owner defense:

> An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.  The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence. . . . With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who . . . did not know of the conduct giving rise to the forfeiture.

18 U.S.C. § 983(d).

Ms. DeLeon stated in her Amended Answer (Docket No. 14 at 2, ¶ 3) that she did not know that the Jeep was being used to facilitate illegal activity.  She also stated she was not aware that her son was using the vehicle for illegal purposes.  Docket No. 8-6 at 4.  See also Docket No. 12-3 at 6-7 (pay stubs from Pablo DeLeon's employer, Innovative Protein

10

Management, Inc., submitted by Ms. DeLeon in part to support her contention that she believed her son was using the Jeep primarily for work purposes). The Government first argues that Ms. DeLeon was not an owner of the defendant vehicle because she was a nominee who exercised no dominion or control over the property.[2] Docket No. 8-2 at 10. The Government asserts that Ms. DeLeon's status as a nominee is illustrated by her son's statement to authorities that he was the only one who used the vehicle and her husband's statement to authorities confirming that the Jeep was used by his son and that he and his wife each had their own separate vehicles.

---

[2] "In this subsection, the term 'owner' . . . does not include . . . a nominee who exercises no dominion or control over the property." 18 U.S.C. § 983(d)(6). To the extent the Government's argument is framed as a matter of standing, it cannot be reconciled with prior Eighth Circuit precedent. The Government admits DeLeon is the registered title owner of the Jeep. This alone shows DeLeon has Article III standing to challenge the forfeiture. See United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1013 (8th Cir. 2003) (to have standing in federal forfeiture case, claimant need not prove underlying merits of claim, but need only show a colorable interest in the property, redressable, at least in part, by a return of the property). The Government's contention that Ms. DeLeon is merely a "straw owner" of the Jeep is thus not a standing issue, but rather goes to the merits of her innocent ownership claim and must therefore be resolved in accordance with Rule 56 standards, viewing the evidence in the light most favorable to the defendant and leaving credibility issues to the ultimate finder of fact. Id. at 1014.

*Id.*

In contrast, Ms. DeLeon stated that she needed the Jeep to get to and from work and to drive her children to and from school. Docket No. 8-6 at 4. She contends she let her son drive the vehicle to avoid the additional burden of driving him to and from school, his work, and around town afterwards, and that she took away the vehicle when he was disobedient. Docket No. 12-2 at 3.

The fact that her son used the defendant vehicle as if it were his own is not enough to show that Ms. DeLeon was merely a nominee exercising no dominion or control. Ms. DeLeon's sworn statement that she did not know about the conduct giving rise to the forfeiture, as well as her son's pay stubs, are sufficient to create a genuine issue of material fact as to whether she is an innocent owner of the defendant vehicle.

Therefore, summary judgment on the innocent owner defense cannot be granted.

### V. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that the United States' Motion for Summary Judgment (Docket No. 8) is **GRANTED IN PART** and **DENIED IN PART**.

It is **GRANTED** as to the forfeitability of the defendant vehicle and **DENIED** as to DeLeon's innocent owner defense.

In light of the Court's decision concerning forfeitability of the vehicle, the innocent owner issue is the only remaining issue in dispute that will be submitted to the trier of fact.

**IT IS SO ORDERED** this 23rd day of October, 2008.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa